# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BERNIECE J. CHILDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-2641-JWL |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability(SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Commissioner's final decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I. Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD on May 14, 2008, alleging disability beginning June 3, 2003. (R. 10, 142-45). The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 10, 60-61, 78). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Debra Bice on August 2, 2010. (R. 10, 20-22). At the hearing, testimony was taken from Plaintiff and telephonically from a vocational expert. (R. 10, 20-59). In counsel's opening statement at the hearing, she amended Plaintiff's alleged onset date to May 5, 2008. (R. 24).

On August 26, 2010, ALJ Bice issued a decision finding that Plaintiff is not disabled within the meaning of the Act, and denying her application for benefits. (R. 10-19). Plaintiff sought, but was denied, Appeals Council review of the ALJ's decision. The Council found no reason under the rules of the Social Security Administration to review the ALJ's decision. (R. 1). The Council also noted that Plaintiff had subsequently been found to be under a disability beginning August 27, 2010, and explained why that finding did not require a change in the ALJ's decision in this case:

> However, this determination was based primarily on a consultative examination you underwent on May 27, 2011. Consequently, the Council concluded that this information does not warrant a change in the Administrative Law Judge's decision.

(R. 2). Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner; (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006); and Plaintiff now seeks judicial review of that decision. (Doc. 1).

2

## II. Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

When deciding if substantial evidence supports the ALJ's decision, the mere fact that there is evidence in the record which might support a contrary finding will not

3

establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and noting that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). Moreover, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is disabled only if she can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084. The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot,

4

considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520 (2010);[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

---

[2]Because the Commissioner's decision was issued on August 26, 2010, all citations to the Code of Federal Regulations in this opinion refer to the 2010 edition of 20 C.F.R. Parts 400 to 499, revised as of April 1, 2010, unless otherwise indicated.

economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ incorrectly assessed the credibility of Plaintiff's allegations of symptoms and failed to include a function-by-function assessment in her RFC assessment. The Commissioner argues that substantial evidence supports the ALJ's credibility assessment and her RFC determination. The court finds that Plaintiff has not shown error in the ALJ's credibility determination or in the RFC assessment.

## III. The Credibility Determination

Plaintiff claims the ALJ erred in evaluating the credibility of Plaintiff's allegations of symptoms because she did not discuss Plaintiff's ten-year work history of steady employment immediately before the alleged date of disability onset, because she did not consider the observations of medical care providers which tend to corroborate Plaintiff's reports of pain, because she erred in weighing Plaintiff's daily activities, and because she failed to mention the third-party questionnaire submitted by Plaintiff's ex-husband. (Pl. Br. 10-13). The Commissioner argues that the record evidence supports the ALJ's credibility determination. She noted that the ALJ found that the objective medical evidence is inconsistent with Plaintiff's allegations, that the opinion evidence did not

support Plaintiff's allegations of disabling pain, and that Plaintiff's abilities and daily activities are inconsistent with allegations of disabling pain. (Comm'r Br. 8-12). The Commissioner argues that, contrary to Plaintiff's assertion, the ALJ considered Plaintiff's work history and noted that when she could no longer perform her job as a custodian, Plaintiff did not attempt to find work which would accommodate her abilities and did not seek vocational rehabilitation. Id. at 12. She argues that although the ALJ did not specifically discuss the third-party questionnaire of Plaintiff's ex-husband, that questionnaire does not demonstrate disabling pain, and "nothing in her ex-husband's report contradicted the ALJ's credibility finding or would warrant remand for further consideration." Id. at 13.

### A. The Standard for Determining Credibility

An ALJ's credibility findings deserve special deference, Lax, 489 F.3d at 1089, and her determinations in that regard are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and

7

affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

The Tenth Circuit has explained the analysis for considering subjective testimony regarding symptoms. Thompson, 987 F.2d at 1488 (dealing specifically with pain).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain. This court has stated: The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating credibility, the court has recognized a non-exhaustive list of factors which should be considered. Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2001). These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489). The Commissioner promulgated regulations suggesting relevant factors to be

considered in evaluating credibility which overlap and expand upon the factors stated by the court: Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii).

### B.     The ALJ's Findings

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [Plaintiff's] symptoms are not credible." (R. 17). She explained her credibility finding:

> I do not find the severity of her conditions to be fully credible. While she has a serious back condition, she has [(1)] not been shown to be unable to sit, stand or walk, as testified to. [(2)] Only the physical therapist, who examined her one time and did not document the clinical findings clearly for that examination, indicated she would have serious limitation in these areas. [(3)] No physician has prescribed a cane for the claimant to use to ambulate. Even the claimant indicated that she usually only uses the cane outdoors and in bad weather. The claimant's back condition has been treated with [(4)] pain medications, which reduced her pain to a manageable level. She has [(5)] not always been consistent with taking her medications as she has been noted to be without medications for several weeks or to be trying to taper her medications on her own. [(6)] The records would suggest that at the time of her amended onset date of disability she had been able to work at the light level, but began missing work for other acute conditions, pneumonia and bronchitis. [(7)] The claimant has not had treatment for her depressive symptoms other than to have antidepressant prescribed by her physician's assistant. As previously discussed, [(8)] her headaches have not been documented to be of the frequency or duration described in her testimony.

9

> The claimant's allegations of pain and other limitations are not entirely credible in light of the medical signs and findings, her medical treatment history set forth above, and [(9)] her significant activity level of caring for four young grandchildren. [(10)] She also did not pursue other employment that could accommodate her limitations and instead stopped working altogether.

(R. 16-17) (numbering added for ease of discussion).

### C. Analysis

Contrary to Plaintiff's allegations, the ALJ considered Plaintiff's work history in making her credibility determination. In reason number ten for discounting Plaintiff's credibility, the ALJ noted that when Plaintiff was forced to resigned from her job as a school custodian, she stopped work altogether rather than seeking employment which would accommodate her reduced capabilities. Earlier in the decision, the ALJ noted that Plaintiff had been a school custodian, and that since she was forced to resign that job which required the ability for medium exertion "[s]he has not looked for other jobs or contacted vocational rehabilitation." (R. 15). The fact that Plaintiff had a steady ten-year period of employment before she quit working does not require a change in the ALJ's findings. "[S]o long as the ALJ 'sets forth the specific evidence [s]he relies on in evaluating the claimant's credibility,' [s]he need not make a "formalistic factor-by-factor recitation of the evidence." Keyes-Zachary v. Astrue, 695 F.3d 1156, 1167 (10th Cir. 2012) (quoting Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000)). Although certain aspects of Plaintiff's work history might be viewed as supportive of her credibility, the

ALJ's analysis in that regard is nonetheless supported by substantial evidence in the record.

Plaintiff's argument that the ALJ did not consider the observations of treating and examining physicians which support her allegations of pain suffers a similar fate. Although Plaintiff is correct that each of the treating and examining physicians noted Plaintiff's reports of pain, the ALJ's finding in reason number one is supported by substantial record evidence. The physical therapist is the only healthcare provider who specifically indicated serious limitations in Plaintiff's ability to sit, stand, or walk. Moreover, the ALJ rejected the opinions of both the physical therapist and Plaintiff's physician's assistant, and Plaintiff does not argue that the ALJ erred in weighing the opinion evidence.

With regard to her daily activities, Plaintiff points to her reports and to her testimony of limitations in her daily activities, and argues that although the ALJ discounted her credibility because she cares for her four grandchildren, the ALJ failed to consider her testimony that her grandchildren must assist her in many daily activities. (Pl. Br. 12). Plaintiff's argument in this regard forgets that it is the credibility of her reports and testimony which is at issue in a credibility determination, and the ALJ need not accept that testimony at face value in making the credibility determination. Moreover, the evidence is clear that at the time of the administrative hearing Plaintiff had been caring for her four grandchildren for more than two months since the death of her son. (R. 38-

11

39). This is substantial record evidence supporting the ALJ's credibility determination even though Plaintiff also testified that her grandchildren assist her around the house.

In her final credibility argument, Plaintiff claims the ALJ erred in failing to consider the questionnaire provided by her ex-husband who stated that although Plaintiff used to do all of the cooking and household chores, he now does most of them. The Commissioner argues that although the ALJ did not specifically discuss the third-party questionnaire of Plaintiff's ex-husband, that questionnaire does not demonstrate disabling pain, and "nothing in her ex-husband's report contradicted the ALJ's credibility finding or would warrant remand for further consideration." (Comm'r Br. 13). As the Commissioner's brief suggests, the case of Brescia v. Astrue, 287 Fed. Appx. 626, 630-31 (10th Cir. 2008) provides the answer for this alleged error. In Brescia, the plaintiff argued that the ALJ ignored lay witness testimony from her sister and a friend. Id. at 630. Noting that an ALJ is not required to discuss every piece of evidence, and that the Tenth Circuit has rejected a rule requiring specific findings regarding the credibility of every witness, the Brescia court found no grounds for remand because the ALJ stated that he had considered all of the evidence, and because the evidence at issue was largely cumulative of the plaintiff's testimony. Brescia, 287 Fed. Appx. at 630-31 (citing Hackett, 395 F.3d at 1173; Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996); and Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1997)).

Here, as in Brescia, the ALJ stated she had considered all of the record evidence. (R. 12, 14,17). As was the third-party evidence in Brescia, here the ex-husband's report

12

is largely cumulative of Plaintiff's testimony. Moreover, as the Commissioner points out, many of the ex-husband's responses were benign or indicated he didn't know the answer; and, perhaps most telling of all, the ex-husband stated he didn't know how Plaintiff's impairments affect her abilities because, "I am not a doctor." (R. 213). Plaintiff has not shown error in the failure to specifically discuss the ex-husband's questionnaire.

Plaintiff has demonstrated no error in the ALJ's credibility determination. Moreover, as quoted above, the ALJ stated at least ten reasons for discounting the credibility of Plaintiff's allegations, and the court finds that those reasons are closely and affirmatively linked to substantial record evidence. Essentially, Plaintiff's argument suggests that there is more than one way to view the evidence regarding credibility, and asks the court to reweigh the evidence and substitute its judgment for that of the Commissioner. As the court noted in its presentation of the legal standard above, it may not do so. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172. Moreover, even if the evidence might also support a finding contrary to that of the ALJ, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084; see also, Consolo, 383 U.S. at 620.

## IV.     Function-by-Function RFC Assessment

Plaintiff claims that the ALJ assessed Plaintiff with the RFC for light work except that "she is unable to climb ropes, ladders or scaffolding; must avoid unprotected heights and moving machinery; [and] must avoid extremes of temperature and vibration." (Pl. Br.

13

14) (quoting R. 14). She argues that her main problem is pain associated with degenerative disc disease (which the ALJ found is her severe impairment), that she reported constant pain and is only able to stand and walk 30 minutes before she experiences pain and burning in her back and legs; that her treating physician's assistant "advised" her to use a cane; that all the medical personnel "made references to [her] difficulties standing and walking;" and that her physical therapist opined that she is capable of sitting for only two hours in a workday and that she is able to stand and/or walk for only one hour in a workday. (Pl. Br. 15). Finally, Plaintiff points out that her subsequent application for SSD was approved effective the day after the ALJ's decision in this case. Id. Based upon these facts, Plaintiff argues that substantial evidence supports finding that she is unable to perform light work, that because she is over fifty, she is disabled pursuant to Grid Rule 201.10, and that consequently the ALJ erred by failing to make a function-by-function analysis in her RFC assessment. (Pl. Br. 16).

  Plaintiff's reliance upon her reports and testimony of pain is misplaced because, as discussed above, substantial record evidence supports the ALJ's determination that Plaintiff's statements regarding the intensity, persistence, and limiting effect of her pain are not credible. Plaintiff's assertion that her physician's assistant advised her to use a cane is belied by the ALJ's specific findings (supported by the record evidence) that no physician prescribed a cane for ambulation (R. 17), and that Plaintiff admitted she cannot recall the physician's assistant prescribing it. (R. 15); see also (R. 34).

The fact that all the medical personnel "made reference to [her] difficulties standing and walking" (Pl. Br. 15) is unremarkable because the ALJ did not find otherwise. The ALJ accepted that Plaintiff had pain which caused difficulties standing and walking, she just found that Plaintiff's report of the <u>severity</u> of those difficulties was not credible. As noted above, Plaintiff's appeal to the opinion of her physical therapist is unavailing because the ALJ rejected that opinion and stated his reasons for doing so, and Plaintiff does not argue that the ALJ erred in weighing the opinion evidence.

Finally, Plaintiff's appeal to a subsequent determination of disability is unavailing. Plaintiff admits that the subsequent determination of disability "was supported by a May 27, 2011 consultative examination" (Pl. Br. 15), and the Appeals Council specifically noted that the subsequent finding of disability "was based primarily on a consultative examination [Plaintiff] underwent on May, 27, 2011," and did not warrant changing the ALJ's decision. (R. 2). The Appeals Council did not make the consultative examination report a part of the administrative record in this case. The May 27, 2011 examination took place nine months after the decision in this case, and although Plaintiff attached the report to her brief, she does not seek to have the report made a part of the administrative record, and makes to attempt to show that the May 27, 2011 examination is chronologically relevant to the period at issue here. <u>See</u>, <u>Chambers v. Barnhart</u>, 389 F.3d 1139, 1143-44 (10th Cir. 2004) (EMG completed six months after the ALJ's decision was not chronologically relevant).

15

Although the record in this case contains evidence which might be interpreted to support a finding of disability, that determination belongs to the Commissioner in the first instance, and the court may not interpose its judgment for that of the Commissioner. The question before the court is whether the Commissioner applied the correct legal standard and whether substantial evidence in the record as a whole supports her finding. The court finds that she did and that it does, and Plaintiff has not met her burden to demonstrate otherwise.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 15th day of July 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**